UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| LINDSAY NELSON and DAVID NELSON, | Case No. 2:25-cv-00010-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CHONGQING QIULONG TECHNOLOGY CO., LTD dba SURRON; SUR-RON U.S.A, LLC; LUNA CYCLES, LLC; PANASONIC CORPORATION OF NORTH AMERICA dba PANASONIC INDUSTRIAL DEVICES SERVICE COMPANY OF AMERICA; and DOE ENTITIES 1-100, | |
| Defendants. | |

**INTRODUCTION**

The Court has before it two related motions: (1) Plaintiff Lindsay and David Nelson's Motion for Extension of Time (Dkt. 42), and (2) Defendant Chongqing Qiulong Technology Co., Ltd.'s ("CQT") Motion to Strike Plaintiffs' Untimely Filings (Dkt. 39). The Court will grant Plaintiffs' motion for an extension and deny CQT's motion to strike.

**BACKGROUND**

In October 2024, Lindsay and David Nelson filed this product-liability

MEMORANDUM DECISION AND ORDER - 1

action in state court. They allege that an e-bike manufactured by defendant CQT experienced a thermal runaway event while charging in their garage, causing a fire that spread to and destroyed their home. Defendant Panasonic Corporation of North America removed the action to federal court based on diversity of citizenship. All defendants except CQT have now answered the complaint. CQT has moved to dismiss for lack of personal jurisdiction.

The Court will hear argument on CQT's motion to dismiss—as well as Plaintiffs' related motion to conduct jurisdictional discovery—on Friday, April 24, 2026. Before that hearing, the Court will streamline matters by resolving two motions arising from Plaintiffs' untimely filings. *See* Dkts. 39, 42.

## DISCUSSION

CQT filed its motion to dismiss on November 21, 2025. Plaintiffs' response was thus due on December 12, 2025. At Plaintiffs' request, and with CQT's agreement, the Court extended that deadline to January 12, 2026. *See* Dkt. 27. Plaintiffs did not file their response by that deadline. Instead, they filed their response and supporting materials on January 13, 2026—one day late.

Separately, Plaintiffs filed a motion for leave to conduct jurisdictional discovery on January 14, 2026. CQT timely responded on February 4, 2026. Plaintiffs' reply was due on February 18, 2026, but was filed one February 19, 2026—again, one day late.

MEMORANDUM DECISION AND ORDER - 2

Plaintiffs did not seek an extension of time prior to either missed deadline. They did, however, later move for an extension of time, asserting that both late filings resulted from a calendaring error. This motion was filed after CQT asked the Court to strike the late filings.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline after it has expired upon a showing of "excusable neglect." In evaluating excusable neglect, courts consider the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *See Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir. 2010)

Here, the delays at issue were minimal—each filing was submitted one day late. There is no indication that these brief delays prejudiced CQT, or that the delay will have any impact on the proceedings whatever. Indeed, CQT fully briefed the underlying motions and has not identified any concrete harm arising from the timing of Plaintiffs' filings. Plaintiffs' counsel explains that the one-day error was the result of a calendaring error and was not part of any larger effort to "game the system" or "cause delay or hardship." *Mtn. Mem.*, Dkt. 42-1, at 5.

The Court is mindful that Plaintiffs' counsel has not been meticulous in adhering to deadlines in this case. These lapses, though minor, are concerning and fall short of the level of diligence expected. That said, the Court must balance

MEMORANDUM DECISION AND ORDER - 3

those concerns against the strong preference for resolving cases on their merits. The one-day delays at issue did not disrupt the Court's schedule, did not affect the pending April 24, 2026 hearing, and did not impair the orderly progression of the case.

In sum, the Court concludes that Plaintiffs have demonstrated excusable neglect sufficient to warrant a brief extension of time under Rule 6(b)(1)(B). Accordingly, the Court will grant Plaintiffs' motion for extension of time and deem their filings timely.

Because the Court accepts Plaintiffs' late filings, CQT's motion to strike those filings is moot. Even if they were not moot, however, the Court would decline to impose the severe remedy of striking the filings. The brief delays do not merit such a remedy. Further, the Court is not persuaded by CQT's argument that Plaintiffs' filings should be stricken because they contain "demonstrably incorrect factual assertions" and because Plaintiffs' counsel declined to meet and confer regarding those issues. *See CQT Mtn. Mem.,* Dkt. 39, at 8. The Court is not persuaded that these concerns warrant striking the filings. Instead, to the extent CQT contends Plaintiffs' filings are inaccurate, misleading, or unsupported, those arguments will be evaluated when the Court resolves the underlying motion to dismiss and motion for jurisdictional discovery.

MEMORANDUM DECISION AND ORDER - 4

## ORDER

**IT IS ORDERED that:**

1.      Plaintiffs' Motion for Extension of Time (Dkt. 42) is **GRANTED.**

Plaintiffs' filings at Dkts, 31, 32, and 38 are deemed timely filed.

2.      Defendant CQT's Motion to Strike (Dkt. 39) is **DENIED AS MOOT.**

DATED: April 20, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5